UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALAN DOUGLAS, an Individual,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN FINANCIAL RESOURCES, INC., dba eLEND or dba E Lend, a New Jersey Corporation registered to do business in the State of Idaho,<br><br>    Defendant. | Case No. 1:16-cv-00353-EJL-CWD<br><br>**ORDER** |

**INTRODUCTION**

On March 20, 2017, United States Magistrate Judge Candy W. Dale issued a Report and Recommendation ("Report"), recommending that Defendant's Motion to Dismiss be granted. (Dkt. 24.) [1] Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Local Civil Rule 72.1(b). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and

---

[1] In responding to the objections, the defense improperly refers to Magistrate Judge Dale as "Magistrate Dale." (Dkt. 31.) The correct title for all Magistrate Judges is "Magistrate Judge." 28 U.S.C. § 631 *et al.*

recommendations made by the magistrate judge. *Id.*; *see also* Fed. R. Civ. P. 72(b). The Plaintiff filed objections to the Report to which the Defendant has responded. (Dkt. 27, 31.) The matter is now ripe for the Court's consideration. *See* Local Civil Rule 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen

2

days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

The Court has reviewed the entire Report as well as the record in this matter for clear error on the face of the record and none has been found. The Court has also conducted a *de novo* review of those portions of the Report to which the Plaintiff's Motion for Reconsideration could arguably apply and finds as follows.

## DISCUSSION

The full procedural background and facts of this case are well articulated in the Report and the Court incorporates the same in this Order. (Dkt. 24.) The Plaintiff, Alan Douglas, filed this action against Defendant American Financial Resources, Inc. (AmFi) alleging claims for violations of 1) the Truth in Lending Act and 2) the Idaho Consumer Protection Act (ICPA). (Dkt. 14.) The claims arise from statements allegedly made by Defendant's representative, Ronald Garrett, to Plaintiff concerning his entering into a Federal Housing Administration (FHA) insured streamline refinance loan and the impact of that loan on Plaintiff's ability to close a subsequent cash-out refinance loan within the next six months. Defendant filed a Motion to Dismiss both claims under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 18.) Plaintiff conceded dismissal of the Truth in Lending Act claim but maintained his ICPA claim was proper. (Dkt. 21.)

The Report recommends granting the Motion to Dismiss concluding 1) it is unlikely the ICPA applies to the facts in this case; 2) the factual allegations do not establish that Mr.

3

Garrett made a misrepresentation or stated an untruth; 3) Defendant cannot be held liable for a statement concerning Plaintiff's ability to qualify for a loan from another lending institution; and 4) Mr. Garrett's statements were true and consistent with the FHA Policy Handbook's guidelines for FHA cash-out refinance loans. (Dkt. 24.)[2] Plaintiff's objections to the Report's conclusions upon which it grants dismissal of the ICPA claim and argues the Report improperly applies the standard applicable to motions to dismiss. (Dkt. 27.) In response to the objections, the Defendant contends the Report applied the correct standard of law to the facts in this case and properly concluded that dismissal is appropriate in this case. (Dkt. 31.)

**1.     Whether the ICPA Applies to the Facts Alleged in the Complaint**

Plaintiff objects to the Report's conclusion that the ICPA does not apply to the facts in this case because the loan is not a "good." (Dkt. 27 at 4.) The allegations and statute should, Plaintiff asserts, be construed liberally as either a "good" or "services" under the ICPA. Defendant disagrees with Plaintiff's interpretation of Idaho case law and argues the Report is correct. (Dkt. 31 at 4-5.)

---

[2] The Report's conclusion also questions whether Plaintiff's meets the statutory amount in controversy required to pursue an action in federal court based on diversity jurisdiction. (Dkt. 24.) This Court agrees that it is unlikely the damages in this case exceed $75,000. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) Regardless, Defendant removed the case from state court to this Court based upon both diversity and federal question jurisdiction. (Dkt. 1.) Now that the Plaintiff has agreed to dismissal of the federal Truth in Lending Act claim only the state law ICPA claim remains, raising the question of whether the Court should exercise supplemental jurisdiction over that claim. If the ICPA claim were to survive the Motion to Dismiss, the Court would decline to exercise supplemental jurisdiction in this case because the claim raises solely state law matters which are best decided by an Idaho state court and, given the early posture of this case, it would be most convenient, fair, and in the interest of comity to have the state court rule on the ICPA claim. 28 U.S.C. § 1367(c)(3); *see Bahrampour v. Lampert*, 356 F.3d 969, 978–79 (9th Cir. 2004).

Having reviewed the parties briefing on the objections and motion, the relevant case law, as well as the entire record herein, the Court finds the Report's conclusion is correct. The ICPA does not apply to the facts as alleged by the Plaintiff. While the ICPA is to be construed liberally to affect the legislative intent and it defines "goods" and "services" broadly, the Complaint in this case does not allege that Mr. Garrett misrepresented the goods or services that AmFi could provide to Plaintiff or the terms of the FHA insured streamline refinance loan. *See Pierce v. McMullen*, 328 P.3d 445, 454 (Idaho 2014); *Idaho First Nat'l Bank v. Wells*, 596 P.2d 429, 432 (Idaho 1979) (construing the definition of "goods" under the ICPA to include intangible property). Instead, the alleged misrepresentations have to do with how Plaintiff's closing on the streamline loan would impact his eligibility for a cash-out refinance loan with a different lending institution; not with any good or service provided to him by AmFi. As such, there was no misrepresentation by AmFi of any good or service it would provide to Plaintiff that violated the ICPA. *Idaho First Nat'l Bank*, 596 P.2d at 432 (holding the signing of a personal guarantee for a loan to a corporation was not a purchase of goods within the ICPA). Taking the Plaintiff's allegations as true, the Court finds they do not state a plausible claim under the ICPA. Further, the Court has reviewed the case cited by Plaintiff, *Pierce v. McMullen*, and finds it does not apply as it is factually distinct from this case and, therefore, does not demand an outcome different from that recommended by the Report. (Dkt. 27 at 4.) For these reasons, the Court finds the Report is correct in its conclusion and interpretation of the case law and the Court adopts the same.

2. **Whether the Complaint Alleges a False Promise, Deceptive Act, or**

**Misrepresentation**

Plaintiff argues he has stated a plausible ICPA claim arising from a false promise or deceptive act by alleging Mr. Garrett represented to him that the new cash-out refinance would come with "no catches" and that he would not be limited in closing on future loans, i.e. he could refinance "immediately." (Dkt. 27 at 4-5.) In response, Defendant asserts the Report correctly concluded that the Complaint fails to allege a misrepresentation. (Dkt. 31 at 6-7.)

The Complaint alleges Mr. Garrett represented to Plaintiff that entering into the FHA streamline loan "would not affect Plaintiff's plans or eligibility to acquire a cash-out refinance loan during the spring or summer of 2016" and that there were "no catches." (Dkt. 14 at ¶¶ 19-26.) Reviewing the record *de novo* and taking Plaintiff's allegations as true, this Court finds the Report's conclusion on this point is correct. The Complaint does not allege any fraud, false promise, or misrepresentation by Mr. Garrett. First, there is no allegation that Mr. Garrett knew the Plaintiff intended to apply for an FHA insured cash-out refinance loan or how much cash Plaintiff would need to build the garage. Second, AmFi offered a cash-out refinance loan to Plaintiff after he had closed on the streamline loan which he turned down, which contradicts the contention that Defendant made false representations concerning Plaintiff's ability to secure a cash-out refinance loan after closing on the streamline loan.

The Court disagrees with Plaintiff's objection that he has plead a subjective fraud by false promise akin to the situation where a business promised a certain type of goods or service to an Idaho consumer without any intention of honoring the promise. (Dkt. 27 at

6

5.) The alleged false representations were not promises of any goods or services nor do the allegations show AmFi had no intention of honoring any such promises given it offered Plaintiff a cash-out refinance loan. The Court also rejects Plaintiff's objection that he has plead a deceptive act under an objective standard. (Dkt. 27 at 5-6.) Plaintiff maintains the allegations establish a deceptive act because, despite Plaintiff expressly asking, AmFi did not disclose that purchasing the streamline loan would later exclude Plaintiff's ability to purchase other subsequent loans when AmFi either knew or should have known of the "catches" that would come with closing on an additional FHA streamline loan. Those allegations do not, establish a violation of the ICPA because Defendant could not make a false promise or misrepresentation of a fact that it did not know; i.e. that Plaintiff would seek an FHA cash-out refinance loan.

For these reasons, the Court agrees with the Report's conclusion and adopts the same.

3.  **Whether Plaintiff's reliance on the Statements Triggers ICPA Liability**

Plaintiff challenges the Report's reliance on a Georgia case and conclusion that a statement about Plaintiff's loan eligibility with another lending institution does not trigger ICPA liability. (Dkt. 27 at 7-8.) Defendants maintain the Report's conclusion is correct. (Dkt. 31 at 7-8.)

This Court's own *de novo* review of the record leads it to conclude that Plaintiff's allegations concerning Defendant's representations made about Plaintiff's eligibility to qualify for loans with lending institutions other than AmFi does not give rise to a claim that Defendant violated the ICPA. AmFi's representative, Mr. Garrett, could only have

7

made misrepresentations in violation of the ICPA as to AmFi. Mr. Garrett could not have mislead Plaintiff about his ability to qualify for and enter into loans with either the FHA or ICCU. The Court agrees with and adopts the Reports reasoning, analysis, and conclusion on this point.

4. **FHA Guidelines**

Plaintiff objects to the Report's consideration of the FHA Guidelines given that the parties dispute what those guidelines require. (Dkt. 27 at 8.) Defendant counter that the Report is correct and the Court is not required to accept conclusory allegations as true in the face of contradictory evidence. (Dkt. 31 at 9-10.)

The Report took judicial notice of the FHA Single Family Housing Policy Handbook. (Dkt. 24 at 6.) Plaintiff does not object to this aspect of the Report but, instead, challenges only that the Complaint's allegations should be taken as true and they state a plausible claim under the ICPA. (Dkt. 27.) While the Report discusses the FHA Guidelines, it does not heavily rely on it as a basis for granting the Motion to Dismiss. The Report simply notes that it appears Plaintiff's prior mortgage and payment history would satisfy the FHA Guidelines to qualify for a cash-out refinance. This Court finds no error in the Report in this regard.

5. **Conclusion**

This Court has reviewed the briefing and entire record in this case *de novo* and finds its conclusions are consistent with those of Magistrate Judge Dale as contained in the Report. As such, this Court will adopt as its own the findings and conclusions stated in the Report. For those reasons, this Court too finds Plaintiff has failed to state a claim for relief

8

under Federal Rule of Civil Procedure 12(b)(6). This Court further finds that no leave to amend will be granted in this case as any amendment would be futile. *See Rodriguez v. Steck*, 795 F.3d 1187, 1188 (9th Cir. 2015). Further, even if dismissal were not granted, the Court would decline to exercise supplemental jurisdiction over the state law ICPA claim.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation entered on March 20, 2017 (Dkt. 24) is **ADOPTED** as stated herein.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss (Dkt. 18) is **GRANTED**.

DATED: May 23, 2017

_____
Honorable Edward J. Lodge
United States District Court